UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 23-cv-81599-CANNON/McCabe

JANE DOE,

       Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD. INC.,

       Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR CONSOLIDATION AND
TRANSFER OF RELATED MATTERS**

       Defendant, CLASSICA CRUISE OPERATOR LTD. INC. ("Classica"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42(a) and Internal Operating Procedure ("IOP") 2.15.00(c), respectfully, and without opposition, hereby moves to transfer and consolidate this action brought by Plaintiff, Jane Doe ("Doe"), with the related and similar lawsuit involving the same parties and issues, to wit: *H.B. v. Classica Cruise Operator Ltd. Inc., et al.*, Case No. 23-cv-81144-ROSENBERG/Reinhart (S.D. Fla., filed August 14, 2023) ("H.B."), and in support thereof states:[1]

**Background**

       1.      The matters at issue concern an alleged sexual assault of two female passengers on a cruise vessel.

---

[1] This motion is being filed in the related case as well. Pursuant to S.D. Fla. I.O.P. 2.06.00, it is within the authority of the transferring judge, Judge Cannon (Doe), to seek consent and approval of the receiving judge, Judge Rosenberg (H.B.). However, once this case is transferred, it is solely within Judge Rosenberg's authority to consolidate the cases as appropriate. It is intended that the cases will be consolidated for discovery and pre-trial proceedings, preserving to each party their right to an independent trial on liability and damages.

2.      On August 14, 2023, Plaintiff H.B. filed a Complaint for injuries asserting one count against Classica for vicarious liability based on the commission of an intentional tort by a crewmember. *See H.B. v. CLASSICA CRUISE OPERATOR LTD., INC.,* Case No. 23-cv-81144-ROSENBERG/Reinhart, [DE 1].

3.      On December 29, 2023, Plaintiff Jane Doe filed a Complaint for injuries also asserting one count against Classica for vicarious liability based on the commission of an intentional tort by a crewmember. (ECF No. 1). *See DOE v. CLASSICA CRUISE OPERATOR, LTD., INC.*, Case No. 23-cv-81599-CANNON/McCabe.

4.      On January 23, 2024, Classica filed a Notice of Related Cases herein identifying *H.B. v. Classica*, as a related case. (ECF No. 6).

5.      On the same day, in the *H.B.* case, Classica also filed a Notice of Related Cases in which it identified the instant case as a related case. *See H.B.*, Case No. 23-CV-81144-ROSENBERG/Reinhart, [DE 23].

6.      Both cases arise from the same underlying incident and will involve common discovery and questions of law and fact, including the factual circumstances of the incident. Although the cases are distinct, there is substantial overlap concerning witnesses, documents, and other evidence. For example, each Plaintiff is likely to be a witness in each separate case, and substantially the same employees of Classica will likely be witnesses in each case.

7.      Consolidation of the above-styled cases will avoid unnecessary duplication of discovery, costs, expenses, and effort by the parties, the lawyers, and the Court. As such, consolidation of the above-styled cases for discovery purposes would be in the best interest of judicial economy. Moreover, such consolidation will not result in prejudice to any Plaintiff or Defendant as no depositions have been taken.

8.     Although Plaintiffs are represented by different law firms, Classica is represented by the undersigned firm in both cases. *See Beaulieu Grp., LLC v. Mohawk Carpet Distribution, Inc.,* No. 4:15-CV-0124-HLM, 2016 WL 4607879, at *1 (N.D. Ga. Jan. 4, 2016) (holding that common attorneys among defendants weighs in favor of consolidation).

9.     Classica respectfully requests that this case be transferred to Judge Robin Rosenberg pursuant to S.D. Fla. IOP 2.06 and 2.15.00, as Judge Rosenberg is assigned to *H.B. v. Classica*, Case No. 23-CV-81144-ROSENBERG/Reinhart, which is the lower-numbered action, and that the cases be consolidated for discovery and any distinct pre-trial proceedings, while preserving to each their independent right to a trial on liability and damages.

**Memorandum of Law**

Both cases concern allegations of sexual assault occurring on the same day, in the same place, by the same alleged perpetrator; who was criminally prosecuted in connection with the *H.B.* case.[2] The underlying facts giving rise to liability are the same in each case. S.D. Fla. IOP 2.15.00(c) contemplates

> Transfer of Similar Actions Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (See IOP 2.06.00 Transfer of Higher-Numbered Cases).

The standard is only that it would "appear to entail the unnecessary duplication of judicial labor" should the cases be heard by different judges. Here, unnecessary duplication of judicial labor will be unavoidable without transfer of the *Doe* case.

---

[2] The criminal case against Mr. Dookhy was presided over by Judge Cannon who is assigned to the instant civil action.

Under Internal Operating Procedure 2.15.00(c) cases concerning a material part of the subject matter of another case should be transferred to the judge to whom the *earlier* filed action is assigned and proceed under the earlier filed case number. *See* Internal Operating Pro. Of the U.S. District Court for the Southern District of Florida 2.15.00(c), available at http://www.flsd.uscourts.gov/wp-content/uploads/2010/06/InternalOpProc.pdf. With respect to which judge should preside over the two cases, S.D. Fla. IOP 2.15.00(c) and 2.06.00 require that the higher-numbered (newer) case be transferred to the lower-numbered, earlier-filed case. Here, Judge Rosenberg received the first case, *H.B.*

Federal Rule of Civil Procedure 42(a) authorizes the Court to consolidate two actions that "involve common questions of law or fact." *Daker v. Warren*, 778 F. App'x 652, 653 (11th Cir. 2019). "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted); *see Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (Roberts, C.J.) (explaining how consolidation historically "enabl[es] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them"). The Eleventh Circuit urges district courts in this Circuit "to make good use of Rule 42(a)" to expedite trials and "eliminate unnecessary repetition and confusion." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

"Courts may consolidate cases only for the discovery phase or through the expiration of any other pretrial proceeding." *Dyer v. M & M Asphalt Maint. Inc.*, No. 615CV1512ORL40TBS, 2016 WL 1743141, at *3 (M.D. Fla. Apr. 7, 2016), *report and recommendation adopted sub nom. Dyer v. M&M Asphalt Maint. Inc.*, No. 615CV1512ORL40TBS, 2016 WL 1732664 (M.D. Fla.

May 2, 2016) (citing 9A Wright et al., *supra,* § 2382 ("Although the language of Rule 42(a) suggests otherwise, consolidation need not be only for trial. Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.")).

As described above, both cases will require extensive discovery involving not just common, but virtually identical questions of fact. All parties agree that the cases should be consolidated for discovery purposes to avoid duplicative discovery and to streamline the resolution of discovery disputes in front of one Judge rather than two, which will also avoid the prospect of inconsistent discovery orders. *See, Gainor v. Bryan Holdings, LLC*, No. 06-21748-CIV, 2009 WL 10668297, at *2 (S.D. Fla. Sept. 2, 2009) ("consolidating the two cases promotes judicial efficiency because the same witnesses would likely be used in both trials and the Court would not be faced with redundant proceedings."); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (consolidating four cases that "plainly involve common questions of law and fact" based on the Hendrix factors); *In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, No. 20-22207-CIV, 2020 WL 9071422, at *2 (S.D. Fla. Aug. 5, 2020) (consolidating two actions for the purposes of pre-trial after following the Eleventh Circuit's precedent which has encouraged trial judges to "make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion"). The administration of justice will be best served by the consolidation of discovery, and Defendant respectfully suggests that the Court exercise its authority to do so under Rule 42.

Because the cases are intimately related, judicial economy and the administration of justice will be best served by the transfer of all cases to the Judge presiding over the earliest-filed case,

Judge Rosenberg (*H.B.*), and by the consolidation of both cases for the discovery process. Accordingly, Defendant respectfully requests that the Court grant the instant motion.

**WHEREFORE**, Defendant, CLASSICA CRUISE OPERATOR LTD. INC., respectfully requests this Honorable Court enter an order transferring the *Doe* case to Judge Rosenberg, consolidating *H.B.* and *Doe* for discovery purposes, and granting any other relief that the Court deems just and proper.

Date:   February 15, 2024
            Palm Beach, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: ***/s/ Marian L. Rivera***_____
            Jeffrey E. Foreman, Esq. (FBN 0240310)
            jforeman@fflegal.com
            Darren W. Friedman, Esq. (FBN 0146765)
            dfriedman@fflegal.com
            Marian L. Rivera, Esq. (FBN 127420)
            mrivera@fflegal.com
            One Biscayne Tower, Suite 2200
            2 South Biscayne Boulevard
            Miami, FL  33131
            Tel: 305-358-6555/Fax: 305-374-9077
            *Counsel for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 15, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: ***/s/ Marian L. Rivera***_____
            Marian L. Rivera, Esq.

**SERVICE LIST**

| | |
|---|---|
| Spencer M. Aronfeld, Esq.<br>aronfeld@Aronfeld.com<br>Matthias M. Hayashi, Esq.<br>mhayashi@aronfeld.com<br>Abby H. Ivey, Esq.<br>aivey@aronfeld.com<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, Penthouse<br>Coral Gables, Florida 33134<br>Tel: 305-441-0440 / Fax: 305-441-0198<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Marian L. Rivera, Esq.<br>mrivera@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2200<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendant* |